PERTUSET et al., Appellants,

v.

FORD MOTOR COMPANY, Appellee.

[Cite as *Pertuset v. Ford Motor Co.* (1994), 96 Ohio App.3d 777.]

Court of Appeals of Ohio,
Scioto County.

No. 93 CA 2204.

Decided Oct. 19, 1994.

---

*Margaret Abel–Miller* and *John W. Thatcher*, for appellants.

*Taft, Stettinius & Hollister* and *Timothy C. Sullivan*, for appellee.

---

GREY, Judge.

This is an appeal from a judgment of the Common Pleas Court of Scioto County. Pertuset sued Ford Motor Company under Ohio's Lemon Law when his leased Ford Explorer developed mechanical difficulties which, despite repeated trips to the garage, could not be repaired. Ford answered with a general denial and filed a motion to dismiss for failure to state a claim. Ford argued that Ohio's Lemon Law does not apply to leased vehicles. The trial court found Ford's motion to be well taken and dismissed the action. We reverse and remand.

Pertuset leased a 1992 Ford Explorer from Ford Motor Company. The complaint alleges the Explorer developed oil leaks, and alternator, cruise control, and stereo problems, and despite numerous trips to the Ford dealership to repair these defects, the problems persisted. On June 30, 1993, Pertuset sued Ford Motor Company under R.C. 1345.71 *et seq.,* commonly called the Lemon Law. Ford's answer was a general denial.

On November 1, 1993, Ford filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. Ford cited *Johnson v. Chrysler Corp.* (1992), 62 Ohio Misc.2d 389, 598 N.E.2d 941, and argued that the Lemon Law does not apply to leased vehicles. In response, Pertuset cited *Potente v. Peugeot Motors of Am., Inc.* (1991), 62 Ohio Misc.2d 335, 598 N.E.2d 907, and argued that the Lemon Law does apply to leased vehicles. The trial court apparently found Ford's argument

more persuasive and granted the dismissal. Pertuset timely filed a notice of appeal and assigns the following error.

"The trial court committed reversible error in granting defendant's Civil Rule 12(B)(6) Motion to Dismiss, inasmuch as a person who leases a motor vehicle is a consumer as defined by R.C. 1345.71 *et seq.*"

While Pertuset contends R.C. 1345.71 *et seq.* applies to leased vehicles, and Ford says it does not, our research indicates the issue has not been decided at the appellate level.

In *Renz v. Kenwood Dealer Group, Inc.* (Aug. 4, 1992), Hamilton App. No. C–910571, unreported, 1992 WL 188567, an issue concerning R.C. 1345.71 *et seq.* was raised, but the First District did not reach the issue of whether Ohio's Lemon Law applies to leased vehicles. The issue of R.C. 1345.71 *et seq.* also came up in *Angermeier v. Jaguar Cars, Inc.* (Feb. 18, 1992), Stark App. No. CA–8668, unreported, 1992 WL 28873, but the Fifth District decided the case without having to address whether the Lemon Law applied to leased vehicles.

Two lower courts which have decided the issue reached opposite results. In *Johnson, supra,* Johnson leased a 1987 Chrysler Conquest from Mike Albert Leasing. The total dollar amount of payments was $23,605.20. Fifth Third Bank held title to the vehicle. Johnson notified Chrysler that he was revoking the contract under the Lemon Law. The court found Johnson, a lessee, was not a consumer as defined in R.C. 1345.71, and held he was not entitled to relief under the Lemon Law. That court held that Chrysler was entitled to partial summary judgment.

In *Potente, supra,* the court held that the lessee was a consumer under R.C. 1345.71(A), 1345.72(A) and 1345.75(A). Potente leased a Peugeot from the defendant. A few months later Potente began experiencing problems with the car. He sued Peugeot Motors of America under the Lemon Law. Peugeot moved for partial summary judgment, arguing that Potente had no cause of action under the Lemon Law. The court found Peugeot's argument unpersuasive and held that the sections of R.C. 1345.75 must be read *in pari materia* and should be construed together. The court relied on the wording of R.C. 1345.71(A) which specified that a consumer was "any other person who is entitled by the terms of the warranty to enforce the warranty." It found, since Potente stood in a position to enforce the warranty, he was a "consumer" for the purposes of R.C. 1345.75.

Neither of these cases can be cited as precedent, but to say a lower court opinion is *only* persuasive authority may understate the importance of that opinion. If a lower court's opinion is correct, well reasoned, and well written, a

higher court may well be bound by it, not so much by the hierarchal rule of precedential authority, but by the rules of logic and common sense.

This court has not been presented with the precise question in this case until now, and in one of our cases dealing with the Lemon Law, *Dillow v. Mallard Coach* (1992), 83 Ohio App.3d 801, 615 N.E.2d 1076, there was a split in opinion as to the nature, extent and meaning of the language of R.C. 1345.72. There was complete agreement, however, with the idea that in construing a statute, "significance and effect should be accorded to every word."

In light of that, we believe that the decision in *Potente* more accurately construes R.C. 1345.71 and carries out the intent of the General Assembly when it enacted Ohio's Lemon Law because it gives effect to every word used in the statute.

R.C. 1345.71(A) defines a "consumer" as "[t]he purchaser, other than for purposes of resale, of a motor vehicle, any person to whom the motor vehicle is transferred during the duration of the express warranty that is applicable to the motor vehicle, and *any other person who is entitled by the terms of the warranty to enforce the warranty.*" (Emphasis added.)

Our function here is to construe the statute and to give substance and effect to every word. The clear language of the statute encompasses three classes of consumers. The first is "purchaser," which causes no difficulty. The second is almost as obvious, "person to whom the motor vehicle is transferred." Under Ohio's auto title law, transfer of a motor vehicle can only be achieved by transfer of title and, thus, the definition includes the owners of the title to the car. This second class is somewhat broader because it includes all persons to whom the vehicle is transferred during the warranty period, some of whom, donees for example, would not be considered purchasers.

The third class of consumer is any other person who is entitled by the terms of the warranty to enforce the warranty. This is really quite broad language. The statute could have read: "any person who is entitled by the terms of the warranty to enforce the warranty" and would have included purchasers, title holders and warranty holders, most of whom would be either purchasers or title holders.

The actual language reads, however: "any *other* person who is entitled by the terms of the warranty to enforce the warranty." (Emphasis added.)

Thus, the language was drafted to include a specific third class, a class of nonpurchaser, non-title holder, warranty enforcers. The most likely group of nonpurchasing, non-title-holding warranty enforcers is, of course, the class of lessees.

Ford Motor makes a very good point in noting that H.B. No. 436 was introduced to specifically expand the definition of consumer to now include lessees. Ford argues, since H.B. No. 436 has not been adopted, there is no provision for lessees under the current Lemon Law. This is not an unreasonable inference, but one might just as reasonably infer, however, that the legislature intended the statute to include lessees and that the amendment is being adopted in response to cases where the question of non-applicability of the Lemon Law has been raised in lease cases. This was done, for example, in response to the antistacking cases where the legislature clarified what was regarded as an ambiguity with the enactment of R.C. 3937.18(G).

Ford's argument misapprehends the function of this court, and the sources we must rely on in deciding cases. Whatever the legislature intends, a court can glean that intent only from looking at the language of the statute.

We would also point out that the Lemon Law is a codification of the so-called failure of warranty doctrine. When an automobile is sold with an express warranty, making a repair to a defective part is deemed adequate to protect the buyer's interest. Where, however, the automobile is so defective that it is constantly being repaired under the warranty and not available for the buyer's use, there is a failure of the warranty. People purchase automobiles to use them. If the vehicle is continually breaking down and continually in the repair shop, even if the repairs are made under the warranty, the car is, in the vernacular, a lemon. The Lemon Law is directed at the problem of warranties, and the language of R.C. 1345.71(A) very specifically includes any person entitled to enforce a warranty. The following sections, R.C. 1345.72 and 1345.73, speak to repair under the warranty and attempts to conform to the warranty. Warranty is the substance of the Lemon Law, and the intent of the legislature and the meaning of the language it used in the statute is clear.

In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 573 N.E.2d 1063; *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *York, supra.* Unlike motions under Civ.R. 12(B)(1), here the court is restricted to the complaint in answering this question of law. See, *e.g., State ex rel. Freeman v. Norris* (1991), 62 Ohio St.3d 107, 579 N.E.2d 702.

The record shows the trial court granted Ford's motion because it found Pertuset, as a lessee, not to be a consumer within the definition of R.C. 1345.75.

We find Pertuset has alleged facts to show that he is a person who is entitled to enforce the terms of the warranty as described in R.C. 1345.71.

Construing the complaint in a light most favorable to Pertuset we find that he has stated facts to establish a cause of action as a consumer under R.C. 1345.71 *et seq.* Pertuset's assignment of error is well taken and is sustained.

The judgment of the trial court is reversed and this case is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

HARSHA, P.J., concurs separately.

PETER B. ABELE, J., concurs in judgment only.

HARSHA, Presiding Judge, concurring.

I concur in the judgment and opinion of the principal opinion holding that the trial court improperly dismissed appellant's action. I agree that it does not appear beyond doubt that appellant could prove no set of facts which would entitle him to relief. *York,* 60 Ohio St.3d at 144, 573 N.E.2d at 1064; *O'Brien, supra,* 42 Ohio St.2d at 245, 71 O.O.2d at 224, 327 N.E.2d at 754.

I write separately to address the issue of legislative intent. H.B. No. 436, which includes the language "To amend [Ohio's Lemon Law] to specifically include leased motor vehicles," was introduced but has not been enacted. The bill has been assigned to the House Commerce and Labor Committee, but that committee has not officially acted upon it. See Baldwin's Ohio Legislative Service (July 1, 1994) 3–10. Thus, H.B. No. 436 represents only the intent of its four sponsors and not the intent of the General Assembly. However, even if H.B. No. 436 was relevant to our statutory interpretation, I would not use that act or the specific inclusion of lessees in the amendment to indicate that the General Assembly intended the original act to exclude lessees. As a matter of statutory interpretation, an amendment should not be construed to change the original enactment further than expressly declared. 1A Sutherland, Statutory Construction (1985, Supp.1993) 266, Section 22.30, citing, *inter alia, State ex rel. Durr v. Spiegel* (1914), 91 Ohio St. 13, 109 N.E. 523. To determine whether an amendment merely interprets a provision in an original act, *i.e.,* by making it more detailed and specific, we must look to the circumstances surrounding the amendment. Sutherland, *supra.* The time and circumstances of the amendment may indicate that the legislation intended merely to interpret the original act. *Id.* at 266–267. If the amendment follows soon after controversies as to the interpretation of the original act, we may logically regard the amendment as a legislative interpretation of the original act. *Id.* at 276, Section 22.31. In 1991, one court

held that R.C. 1345.71 *et seq.* applies to leased vehicles. *Potente v. Peugeot Motors of Am., Inc.* (C.P.1991), 62 Ohio Misc.2d 335, 337, 598 N.E.2d 907, 908. In 1992, a different common pleas court held that R.C. 1345.71 *et seq.* does not provide relief for motor vehicle lessees. *Johnson v. Chrysler Corp.* (1992), 62 Ohio Misc.2d 389, 392, 598 N.E.2d 941, 943. H.B. No. 436 was then introduced one year later. Thus, the timing of H.B. No. 436 indicates that the intent of the amendment was to interpret and clarify the original act. In addition to the circumstances surrounding the proposed amendment, the plain language of H.B. No. 436 also indicates that the original act offered relief to lessees. H.B. No. 436's synopsis states in part: "to specifically include leased motor vehicles." The use of the word "specifically" indicates that the legislators believed that leased motor vehicles were covered by the original act, but hadn't been specifically listed. Accordingly, I concur.