DAY et al., Appellants,

v.

BEAU TOWNSEND FORD et al., Appellees.■

[Cite as *Day v. Beau Townsend Ford* (1998), 129 Ohio App.3d 265.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17001.

Decided July 31, 1998.

*John K. Limoli*, for appellants.

*Ron Kozar*, for appellees.

BROGAN, Judge.

Appellants, Robin and Billy Day, appeal from the judgment of the Vandalia Municipal Court in favor of the appellees, Beau Townsend Ford and Ford Motor Company, upon a complaint filed by appellants seeking damages pursuant to Ohio's Lemon Law, R.C. 1345.71 *et seq.*

The appellants alleged in their complaint filed in April 1997 that they entered into a lease agreement on June 27, 1996 with Beau Townsend Ford to lease a 1995 Ford Mustang with approximately twenty-six thousand miles on the vehicle's odometer. They alleged that they returned the vehicle on July 16, 1996 because the engine was making noise "like it was going to blow up."

The Days alleged that the vehicle was returned to them on August 13, 1996 by Beau Townsend after the dealer represented that the vehicle's engine had been replaced. The Days further alleged that they returned the vehicle on August 23, 1996, when the vehicle again began making noise, and lost oil pressure and engine power. They alleged that the vehicle would not travel faster than thirty-five miles per hour.

The Days alleged that the vehicle was again returned to Beau Townsend and the dealer again allegedly replaced the engine with a new one. The Days alleged that they drove the vehicle until the odometer reached thirty-three thousand miles but the vehicle continued to experience engine noise and loss of oil. The Days alleged that Beau Townsend and Ford were unwilling to repair the vehicle's defects and thus they were entitled to the remedies available to them under the Lemon Law.

Both defendants answered the complaint and denied liability. Specifically, Beau Townsend alleged that Ohio's Lemon Law had no application to a used leased vehicle. Both defendants moved for judgment on the pleadings, contending that the Lemon Law was inapplicable to the vehicle at issue in the case. The magistrate recommended that the defendants' motions be granted because the "Complaint expressly states that the car [was] leased with 26,000 miles showing on the odometer [and, thus] it was apparent to the Plaintiff that this was not a new motor vehicle." The trial court overruled the plaintiffs' objections, adopted the magistrate's report as submitted, and dismissed the complaint.

In five related assignments of error, appellants contend that the trial court erred in granting the defendants' motions for judgment on the pleadings.

Appellants argue that they should be accorded the protection of Ohio's Lemon Law because the vehicle they leased was "new" pursuant to R.C. 4517.01(C). That statute provides that a "new motor vehicle" means a motor vehicle to which

the legal title has never been transferred by a manufacturer, remanufacturer, distributor, or dealer to an ultimate purchaser.

R.C. 1345.72(A) provides:

"(A) If a *new* motor vehicle does not conform to any applicable express warranty and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, the manufacturer, its agent, or its authorized dealer shall make any repairs as are necessary to conform the vehicle to such express warranty, notwithstanding the fact that the repairs are made after the expiration of the appropriate time period." (Emphasis added).

The trial court relied on this court's opinion in *Steger v. Superior Dodge, Inc.* (Oct. 11, 1985), Montgomery App. No. 9165, unreported, 1985 WL 6944. In *Steger* we held that "new" as used in R.C. 1345.02(B)(3), the Consumer Sales Practices Act, is not necessarily the same "new" as used in R.C. 4517.01(C). Judge Wolff wrote on behalf of our court:

"A new buyer, we believe, is more concerned—and rightfully so—with whether the car has more than the minimal mileage incidental to its delivery to the dealer rather than whether it has ever been transferred in the past by the dealer." *Id.* at 3.

Appellants argue that the trial court improperly relied on *Steger* as it involved the interpretation of the Consumer Sales Act. In any event, they argue that the Lemon Law applies to them because their vehicle was subject to an express warranty and they are "consumers" as defined by R.C. 1345.71. In particular, they argue that they are "consumers" within the meaning of R.C. 1345.72 because they are persons who are entitled by the terms of the warranty to enforce the warranty.

We do not quarrel with appellants' contention that Ohio's Lemon Law includes "leased" motor vehicles. At least one Ohio appellate court has so held. See *Pertuset v. Ford Motor Co.* (1994), 96 Ohio App.3d 777, 645 N.E.2d 1329. Although appellants may be "consumers" under the Lemon Law because they may be entitled to enforce an express warranty, they have not convinced us that the vehicle they leased from Beau Townsend was a "new" vehicle. We find the reasoning we employed in *Steger* to be equally applicable to Ohio's Lemon Law.

State statutes referred to by the generic name "lemon laws" generally provide purchasers of new motor vehicles a statutory warranty. See Annotation, Lemon Laws (1987), 51 A.L.R.4th 872, 874. At least one state also provides a statutory warranty, a lemon law, for used motor vehicles. See Annotation, Liability for

Representations and Express Warranties in Connection with the Sale of Used Motor Vehicle (1971), 36 A.L.R.3d 125.

■ We are also persuaded that the vehicle leased by the Days was not covered by R.C. 1345.71 *et seq.* because any alleged nonconformity with any applicable express warranty could not be reported by the Days within eighteen thousand miles of operation, because the vehicle when leased to them already had twenty-six thousand miles on its odometer.

We conclude that the trial court properly granted the defendants' motions for judgment on the pleadings. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. The Lemon Law clearly covers "new" vehicles and not used vehicles. The appellants' assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FAIN, J., concurs.

GRADY, J., dissents.

GRADY, Judge, dissenting.

I respectfully dissent from the decision of the majority.

The trial court granted a judgment on the pleadings on motions filed pursuant to Civ.R. 12(C), which presents an issue of law only. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113. In this instance, that issue was whether the vehicle that Beau Townsend Ford delivered to the Days was a "new motor vehicle" for purposes of the Ohio Lemon Law, R.C. 1345.71 *et seq.* In holding that the vehicle was not covered by the Lemon Law, the trial court applied the distinction between "new" and "used" vehicles we adopted in *Steger v. Superior Dodge, Inc.* (Oct. 11, 1985), Montgomery App. No. 9165, unreported, 1985 WL 6944. I believe that the trial court erred in so doing.

*Steger* reversed as against the manifest weight of the evidence a judgment rendered in favor of a plaintiff consumer on a claim that a defendant dealer's failure to disclose that a vehicle was a "used" demonstrator violated the Consumer Sales Act, permitting the consumer to rescind the sale. We found that the dealer's failure to disclose was overcome by the fact that when the vehicle was delivered to the consumer its odometer displayed 1,146 miles. We specifically declined to adopt the definition of a "new motor vehicle" in R.C. 4517.01(C), which looks to whether its title has previously been transferred to an ultimate purchaser. We stated, "A new car buyer, we believe, is more concerned—and rightfully

so—with whether the car has more than the minimal mileage incidental to its delivery to the dealer rather than whether it has ever been transferred in the past by the dealer." *Id.* at 3.

The trial court relied on *Steger* to support its holding that the vehicle here, which had twenty-six thousand miles on its odometer when it was delivered to the Days, was not a "new motor vehicle" as a matter of law. However, in *Steger* the vehicle's mileage at delivery was relevant to a question of fact, or a mixed question of law and fact, which was whether the consumer was deceived or misled. That same matter and holding cannot be applied to resolve a different issue of law, whether a vehicle is a "new motor vehicle" for purposes of the Lemon Law, which is what the trial court did when it granted the Civ.R. 12(C) judgment on the pleadings for Beau Townsend Ford.

The Lemon Law makes no mention of mileage at all, so engrafting a mileage standard to determine whether the vehicle is a "new motor vehicle" is necessarily arbitrary, both in its application and its result. The better and more principled alternative is to read the Lemon Law *in pari materia* with the definition of "new motor vehicle" in R.C. 4517.01(C). The rule of *in pari materia* permits the meaning of an undefined statutory term to be determined with reference to the statutory law of the state on the same subject or subjects related to it.

R.C. Chapter 4517 is concerned with regulation of automobile dealers and sales. The General Assembly may be presumed to have had the definition in R.C. 4517.01(C) in mind when it used the "new motor vehicle" term in the Lemon Law, but didn't define it there. Therefore, I would apply the R.C. 4517.01(C) definition to the term "new motor vehicle" as it appears in R.C. 1345.71 *et seq.* That application would leave undisturbed the distinction we drew in *Steger* between "new" and "used" vehicles because that case presented an entirely different issue.

The terms "new" and "used" have customary and complimentary meanings in the market for automobiles. One of the alternative remedies in the Lemon Law, replacement of the consumer's vehicle, appears to be addressed to new vehicle sales. However, it doesn't require replacement with the *same* vehicle or type of vehicle, but only one "acceptable to the consumer." R.C. 1345.72(B). If one cannot be found, the dealer may refund the purchase price and associated costs, which it can do whether the vehicle is new or used.

The concern of the Lemon Law is not the vehicle but an express warranty, which can be attached to any vehicle whether it is "used" rather than "new" in the market sense. If the point of distinction is whether the vehicle has previously been "titled" to an ultimate purchaser, as R.C. 4517.01(C) provides, then the Lemon Law cannot apply to a vehicle that was previously acquired by an ultimate purchaser. For purposes of the Lemon Law, a "purchaser" includes a lessee.

*Pertuset v. Ford Motor Co.* (1994), 96 Ohio App.3d 777, 645 N.E.2d 1329. Therefore, a prior lease would remove any warranty attached to the vehicle from the coverage of the Lemon Law, just as would a prior sale.

We do not know from this record whether title to the vehicle that Beau Townsend Ford delivered to the Days had previously been transferred to another "ultimate purchaser," through a sale or lease, because that is not reflected in the pleadings and this case was decided only on the pleadings. The Days contend that the title was previously in the name of Beau Townsend Ford, which is not an "ultimate purchaser" per R.C. 4517.01(C).

On the basis of the pleadings, the Days are "consumers" and the vehicle delivered to them by Beau Townsend Ford was subject to an express warranty that required the dealer to bring the vehicle into conformity with the warranty when its engine malfunctioned, which the dealer failed to do. Therefore, the Days have a right of relief pursuant to R.C. 1345.75 for the dealer's failure to comply with the requirements of the Lemon Law, if their vehicle is a "new motor vehicle." This record does not demonstrate that title to the vehicle had previously been transferred to another "ultimate purchaser." Therefore, the trial court erred when it granted the motions for judgment on the pleadings on the record before the court.

Finally, and as an alternative ground to grant the motions, the trial court held that the Lemon Law cannot apply here because R.C. 1345.72(A) requires consumers to report a nonconformity to the dealer "during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier," and the vehicle had twenty-six thousand miles on its odometer when it was delivered to the Days. In my view, this latter alternative reasonably means during the first year or the first eighteen thousand miles of the vehicle's operation after its delivery to the consumer. This makes delivery of the vehicle, which coincides with creation of the consumer's right to enforce the express warranty, the critical point in time, and avoids the arbitrariness of accounting for mileage put on an otherwise "new" vehicle during and after the manufacturing process, during delivery, and on the dealer's lot.

For the foregoing reasons, I would reverse the judgment on the pleadings that the trial court granted and remand the case for further proceedings on the Days' claim for relief.