This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Chrysler Corporation has appealed several orders from the Summit County Common Pleas Court that entered summary judgment, denied a motion to vacate and awarded attorney fees and expenses. This Court affirms.
 I.
On March 9, 1999, Appellee Julie Gray filed a complaint in the Summit County Common Pleas Court, alleging in Count One that Appellant Chrysler Corporation and Courtesy Chrysler Plymouth Dodge, Inc. were liable for violations of Ohio's "Lemon Law" as the result of her lease of a 1997 Dodge Intrepid. In Count Two, Appellee alleged that Appellant and Courtesy had engaged in unfair and deceptive consumer practices. Subsequently, Appellee moved for partial summary judgment on the Lemon Law claim, arguing that the car suffered from serious engine trouble, which substantially impaired its use, safety and value, and that Appellant failed to make the necessary repairs. In support of her arguments, Appellee offered her own affidavit, the warranty, copies of various installation and repair receipts and a chart listing such repairs. On January 28, 2000, after Appellant and Courtesy failed to respond, the trial court entered partial summary judgment in Appellee's favor, awarding her $31,746.79 in damages. Appellant then moved to vacate that order, invoking Civ.R. 60(B)(1). The trial court denied the motion and, after conducting a hearing, awarded Appellee an additional $40,588.25 in attorney fees and expenses. Thereafter, Appellee dismissed her Lemon Law claim against Courtesy and all her consumer sales practices claims, pursuant to Civ.R. 41(A). Appellant timely appealed, asserting three assignments of error.
 II. First Assignment of Error
 The trial court erred in granting [Appellee's] motion for summary judgment and awarding [her] damages.
For its first assignment of error, Appellant has argued that the trial court improperly entered summary judgment in favor of Appellee because her exhibits in support of the motion for summary judgment were self-serving and unverified. Appellant has further argued that some of the damages awarded were improper as they are not specifically enumerated in the applicable statute. This Court disagrees on both points.
In reviewing a trial court's ruling on a motion for summary judgment, an appellate court's examination is de novo. Lorain Cty. Bd. of Commrs.v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263, 267. Stated another way, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293-294; Vahila v. Hall (1997), 77 Ohio St.3d 421, 429. Once a party has satisfied this incipient burden, a reciprocal burden arises upon the nonmoving party to respond and set forth specific facts showing that there is a genuine issue of material fact for trial. Dresher,75 Ohio St.3d at 293; Vahila, 77 Ohio St.3d at 429. When the facts are undisputed, as in the instant case, this Court must determine only whether the trial court's judgment was appropriate as a matter of law.
Ohio's Lemon Law is set forth in R.C. 1345.71 et. seq. The operative portion of the statute, R.C. 1345.72, provides:
 (A) If a new motor vehicle does not conform to any applicable express warranty and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, the manufacturer, its agent, or its authorized dealer shall make any repairs as are necessary to conform the vehicle to such express warranty, notwithstanding the fact that the repairs are made after the expiration of the appropriate time period.
 (B) If the manufacturer, its agent, or its authorized dealer is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any defect or condition that substantially impairs the use, safety, or value of the motor vehicle to the consumer after a reasonable number of repair attempts, the manufacturer shall, at the consumer's option, and subject to division (D) of this section replace the motor vehicle with a new motor vehicle acceptable to the consumer or accept return of the vehicle from the consumer and refund each of the following:
 (1) The full purchase price including, but not limited to, charges for undercoating, transportation, and installed options;
 (2) All collateral charges, including but not limited to, sales tax, license and registration fees, and similar government charges;
(3) All finance charges incurred by the consumer;
 (4) All incidental damages, including any reasonable fees charged by the lender for making or canceling the loan. * * *
In general, Ohio's Lemon Law protects a consumer, i.e. a purchaser or lessee,[1] of a new motor vehicle by imposing a duty on the manufacturer, its agent, or its authorized dealer to repair the motor vehicle, or in the event that the motor vehicle cannot be repaired within a reasonable number of attempts, refund and pay the expenses incurred, if that motor vehicle does not conform to any applicable express warranty and the consumer reports the nonconformity to the proper entity within the specified time limits. R.C. 1345.72(A) and (B); Pertuset v. FordMotor Co. (1994), 96 Ohio App.3d 777, 780 (construing R.C. 1345.72(A) to protect lessees as well as purchasers). Indeed, the Lemon Law has three elements: (1) the nonconforming motor vehicle; (2) the consumer's obligation to report the nonconformity in a timely fashion; and, (3) the manufacturer's obligation to repair the problem within a reasonable number of attempts or refund the consumer's costs. A nonconforming motor vehicle is one that, from the consumer's perspective, suffers from any defect or condition which substantially impairs its use, value, or safety and does not conform to the express warranty of the manufacturer or distributor. Brinkman v. Mazda Motor of Am., Inc. (May 13, 1994), Lucas App. No. L-93-142, unreported, 1994 Ohio App. LEXIS 2074, at *13-14; R.C.1345.71(E). A consumer meets his or her burden as to nonconformity by presenting evidence from which a reasonable inference can be made that a specific problem with the vehicle is due to a defective part which is covered by warranty. Brinkman, supra, at *13.
Next, Ohio's Lemon Law requires a consumer to report the defective or nonconforming motor vehicle to the manufacturer in a timely fashion. In other words, a consumer must report the defect during the first yearfollowing the original delivery date or during the first eighteenthousand miles of operation, whichever is earlier. R.C. 1345.72(A).
Third, once the consumer reports the nonconformity within the proscribed time frame, the manufacturer, its agent, or its authorized dealer must make "a reasonable number of repair attempts" in order bringthe vehicle in conformity with the express warranty. See R.C. 1345.72(A) and (B). A court's determination of whether the manufacturer has made "a reasonable number of attempts" is guided by R.C. 1345.73, which provides:
 It shall be presumed that a reasonable number of attempts have been undertaken by the manufacturer, its dealer, or its authorized agent to conform a motor vehicle to any applicable express warranty if, during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, any of the following apply:
 (A) Substantially the same nonconformity has been subject to repair three or more times and either continues to exist or recurs;
 (B) The vehicle is out of service by reason of repair for a cumulative total of thirty or more calendar days;
 (C) There have been eight or more attempts to repair any nonconformity;
 (D) There has been at least one attempt to repair a nonconformity that results in a condition that is likely to cause death or serious bodily injury if the vehicle is driven, and the nonconformity either continues to exist or recurs.
If the manufacturer, its agent, or its authorized dealer is unable to repair or correct the defect after a reasonable number of repair attempts, they shall either replace or accept the return of the motor vehicle. R.C. 1345.72(B). Finally, they are required to reimburse the aggrieved consumer for any of the following which might apply: the full purchase price; any undercoating, transportation, and installed options;any collateral charges, including but not limited to, sales tax, licenseand registration fees; any finance charges incurred by the consumer;and, any incidental damages. Id.
In the instant case, Appellee moved for summary judgment, arguing that as a lessee, she was entitled to damages under the Lemon Law statute because she timely reported her car's nonconformity and because Appellant had been unable to repair it after a reasonable number of attempts. Specifically, Appellee claimed that she did not drive the car over eighteen thousand miles during the first year, that the car did not conform to the warranty because its engine would systematically stall or fail, that she reported this nonconformity before the first year of the lease expired, that Appellant attempted to repair the car five times for this condition and that the car was out of service for a total of thirty calendar days. Finally, Appellee listed $31,746.79 in documented monetary damages. To support her position, Appellee submitted her own affidavit, the warranty, copies of various repair and installation receipts and a chart listing such repairs.[2] As a result, Appellee provided the trial court with adequate evidence to support her motion and met her incipient Dresher burden on each element of her claim, to wit: R.C. 1345.72(A) and (B) and 1345.73(A),(B) and (D). She provided proof that the car in question was nonconforming, that she reported its defects to Appellant in a timely fashion and that Appellant had failed to repair the car after a number of reasonable attempts in accordance with the statute. Appellant, on the other hand, by failing to respond, left unsatisfied its reciprocal Dresher burden. Thus, based on the undisputed facts, Appellee was entitled to judgment as a matter of law, and the trial court did not err by entering summary judgment in her favor. Appellant's first assignment of error is not well taken.
Second Assignment of Error
 The trial court incorrectly denied [Appellant's] motion to vacate the judgment pursuant to Civ.R. 60(B).
For its second assignment of error, Appellant has argued that the trial court should have granted the Civ.R. 60(B) motion to vacate. In essence, Appellant has maintained that its failure to respond to Appellee's motion for summary judgment was the result of mistake and excusable neglect. In response, Appellee has argued that the trial court properly denied the motion as the entry of partial summary judgment on her Lemon Law claim was not a final order and, as a result, Civ.R. 60(B) did not apply. This Court agrees.
The Ohio Supreme Court has held that Civ.R. 60(B) only allows a court to relieve a party from a final order or judgment. Jarrett v. DaytonOsteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, 78. See, also, Harterv. Wadsworth-Rittman (1989), 64 Ohio App.3d 26, 30. In this case, the trial court's entry of partial summary judgment did not become a final
order until Appellee dismissed Courtesy and her claims against Appellant in Count Two. Therefore, the trial court did not err in overruling Appellee's motion. Id. Appellant's second assignment of error is without merit.
 Third Assignment of Error The trial court incorrectly awarded excessive and unreasonable attorney's (sic) fees.
For its third assignment of error, Appellant has argued that the trial court acted unreasonably when it awarded Appellee $40,588.25 in attorney fees and expenses. Appellee has countered, claiming that the trial court's award was reasonable and justified based on the nature of the case, i.e. consumer protection, the attorneys' experience, the actual work completed and the discovery involved. Appellee has also directed this Court's attention to the fact that the reasonableness of the fees requested was supported by uncontradicted expert testimony.
Under Ohio's Lemon Law, the award of attorney fees to a prevailing party is within the sound discretion of the trial court. Eckman v.Columbia Oldsmobile, Inc. (1989), 65 Ohio App.3d 719, 722. Therefore, an award of attorney fees will not be reversed unless the trial court acted unreasonably, arbitrarily or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
After reviewing the record, this Court cannot conclude that the trial court's award constitutes an abuse of discretion. Bearing in mind the nature of this case, coupled with the proffered expert testimony and time invested, the attorney fees awarded herein cannot be classified as unreasonable, arbitrary or unconscionable. Appellant's third assignment of error is not well taken.
 III.
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
____________________________ WILLIAM G. BATCHELDER
BAIRD, J., WHITMORE, J. CONCUR.
[1] With respect to those individuals entitled to bring a civil action under this statute, R.C. 1345.75 provides, in pertinent part:
 Any purchaser of a new motor vehicle who suffers any loss due to nonconformity of the motor vehicle as a result of failure by the manufacturer, its agent, or its authorized dealer to comply with section 1345.72 of the Revised Code, may bring a civil action in a court of common pleas[.]
Moreover, pursuant to R.C. 1345.71(A), a "consumer" is defined as:
 A purchaser, other than for purposes of resale, of a motor vehicle, any person to whom the motor vehicle is transferred during the duration of the express warranty that is applicable to the motor vehicle, and any other person who is entitled by the terms of the warranty to enforce the warranty.
[2] Appellant has challenged the authenticity of Appellee's exhibits, but "it is well settled that the proper procedure for the introduction of evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate the material by reference into a properly formed affidavit."Keenan v. Huntingtion Acceptance Company (1993), 91 Ohio App.3d 795,807. Because her affidavit verified the balance of her exhibits, Appellee satisfied this requirement.