JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Carolyn Ray and Collier Ray appeal from the trial court's decision granting the motion for summary judgment of the defendants-appellees Kaufmann's Department Store and Randall Park Mall. The appellants also contest the trial court's order denying their motion to amend the complaint.
In her deposition, appellant Carolyn Ray stated that on December 26, 1996, she slipped and fell in the parking lot outside of Kaufmann's department store at Randall Park Mall. She had been dropped off at the mall by her husband. She completed her shopping and at the time she fell, she was traversing the parking lot to the bus stop so that she could return home. Upon her arrival at the mall she noted that the parking lot had a light film of snow. As she exited the mall the appellant was carrying clothing on a hanger.
Mrs. Ray deposed that she fell due to a hidden pothole that was covered by the thin film of snow. She also stated that there was accumulated ice and that she slipped on the huge sheet of ice covering the pothole (Depo. T.16). There was not only ice over the pothole, the pothole itself was full of ice. Mrs. Ray stated that the security guard, Mr. Guyson, witnessed her fall. Mrs. Ray was transported to the hospital for injuries. She was later diagnosed with a herniated disc and a laminectomy was eventually performed.
Turning next to the procedural history of this case, the record reveals that the complaint was filed on December 10, 1999. The record also demonstrates that this case is a refiling of a previously filed and dismissed action. Motions for leave to plead were granted and both Kaufmann's Department Store and Randall Park Mall, separately, filed answers on April 14, 2000. In each answer, the appellee raised the affirmative defenses of the failure to join all necessary parties and the failure to file the action within the statute of limitations. Each of the appellees also stated that it was an improper party misjoined to the action.
On July 23, 2000,[1] the appellees filed a joint motion for summary judgment. In the motion, the appellees specifically state that the May Department Stores Co., Randall Park Associates, and Simon DeBartolo Group, L.P. were the proper parties to the action and that those parties had not been served within the statute of limitations. The appellees also argue that they were entitled to judgment as a matter of law because the appellant slipped and fell on a natural accumulation of ice and snow.
The appellees supported the motion with the affidavit of Mark Payne, a senior staff attorney for Simon Property Group, L.P., and its affiliates, subsidiaries and related entities. He affirmed that he has personal knowledge that: 1) Randall Park Associates owned the portion of the parking lot where the appellant fell; 2) Simon DeBartolo Group L.P. managed the portion of the parking lot where appellant fell; and 3) neither Randall Park Mall nor Kauffman's Department Store owned or operated that portion of the property. Robert Beffa, the vice president of May Realty, Inc. affirmed that May Department Stores Company owns the Kaufmann's store building and the adjacent parking lot. At the time the appellant fell, the developer was responsible for the maintenance of the parking lot.
On October 16, 2000, the appellants filed a brief in response to the appellees motion for summary judgment. Also on that day, the appellants filed a motion to amend the complaint to include the May Department Stores Company and the Simon DeBartolo Group, L.P. In the brief in opposition, the appellants argued that the appellees were on notice of the unnatural accumulation of ice and snow in the parking lot through the security guard, Kevin Grayson. Attached as evidence to the brief is the statement by Mr. Grayson to the appellants' attorney and some unauthenticated pictures of the parking lot. With respect to the issue of the proper parties, the appellants argue that the correspondence from Kaufmann's during the lawsuit indicated that Randal Park Mall was the responsible party and that Randall Park Mall requested and was given information on the claim. The appellants point out that all of the signs on the exterior of the mall use the designation Randall Park Mall.
The trial court granted the appellees' motion for summary judgment finding that the appellants failed to serve the proper parties within the applicable period of the statute of limitations which is two years from the date of the incident, i.e. incident 12-26-96; [appellants] has failed to serve May Dept. Store Co., Randall Park Assoc. And Simon Debartolo (sic) Group, L.P. within the applicable statute of limitations; Final.
The appellants set forth three assignments of error.
The first assignment of error:
 THAT THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE DEFENDANTS.
The appellants assert that the trial court erred in granting the appellees' motion for summary judgment because the appellees were on notice, through the security guard, that there was an unnatural accumulation of ice and snow. The appellants support this position with the statement of the security guard and with the pictures attached to the brief in opposition to the motion for summary judgment.
This court reviews the lower court's grant of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704 . An appellate court applies the same test as the trial court. Zaslov v. The May Dept. Stores Co. (Oct. 1, 1998), Cuyahoga App. No. 74030, unreported. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come but to one conclusion; and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Turner v. Turner (1993), 67 Ohio St.3d 337, citing to Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, and Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A court is permitted to grant a motion for summary judgment where all of the tests provided in Civ.R. 56 are met. See Celotex Corp. v. Catrett (1986), 477 U.S. 317, 323.
In Vahila v. Hall (1997), 77 Ohio St.3d 421, 428-429, the court cites to Mitseff v. Wheeler (1988), 38 Ohio St.3d 112 for the proposition that the burden of showing that no genuine issue as to any material fact falls upon the moving party requesting summary judgment. The moving party must state specifically which areas of the opponent's claim raise no genuine issue of material fact. See also Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64 . If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Vahila, supra at 429, citing to Dresher v. Burt (1996), 75 Ohio St.3d 280. Once the moving party satisfies its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, and if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Vahila, supra.
Under Civ.R. 56(C), only depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact are permitted to support a motion for summary judgment. When evidence does not fall within these categories, and no affidavits or authenticating testimony is attached, the evidence may not support the motion for summary judgment. State ex rel. Boggs v. Springfield Local School Dist. Bd. Of Edn. (1995),72 Ohio St.3d 94 . Likewise, documents not properly authenticated may not be considered by the court. GMAC v. Hollanshead (1995), 105 Ohio App.3d 17.
In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury. Chambers v. St. Mary's School (1998),82 Ohio St.3d 563. It has long been held in Ohio that to the extent that a business invitee and the owner of the premises have equal knowledge of the usual dangers resulting solely from natural accumulations of ice and snow, the latter cannot be charged with actionable negligence with regard to such dangers. DeAmiches v. Popczun (1973), 35 Ohio St.2d 180. Everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow. Brinkman v. Ross (1993), 68 Ohio St.3d 82,84. There is no liability unless the owner or occupier has superior knowledge of a particular danger which caused the injury. La Course v. Fleitz (1986), 28 Ohio St.3d 209.
Where the plaintiffs fail to produce evidence to show that the accumulation of ice was unnatural, they failed to present a genuine issue of material fact regarding the duty of care. Gerber v. Chander, Inc. (Jan. 25, 2001), Cuyahoga App. No. 77649, unreported. Where the owner or occupier of business premises is not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises has created a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence. Debie, et al. v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, paragraph one of the syllabus.
Before proceeding with our analysis, this court reiterates that although the trial court may give a different reason for the ruling on the motion for summary judgment, this court applies the standard set forth in Civ.R. 56(C) and reviews the grant of summary judgment de novo, without deference to the ruling of the trial judge.Druso v. Bank One of Columbus (1997), 124 Ohio App.3d 125, and Brown v. Scioto Bd. of Commrs., supra.
In the case sub judice, the appellants failed to properly support their brief in opposition to the motion for summary judgment. The appellants attached as evidence unauthenticated pictures of the parking lot at the mall and a transcript of an interview of the security guard. This interview of the security guard was taken by counsel for the appellants without the presence of a court reporter and without notice to the appellees' counsel. The document indicates that the interview was conducted on November 16, 1999 and the transcript was signed by the security guard on November 20, 1999. Although the guard's signature is notarized, it is notarized by the attorney for plaintiff/appellant the person who conducted the interview. Further, there is no authenticated signature of the transcriber of the document. This statement clearly cannot be considered to be a deposition and, because it has not been properly authenticated, it may not be considered to be an affidavit.
The deposition testimony of Mrs. Ray indicates that she was aware that there was ice and snow on the parking lot surface. There is nothing in the deposition which indicates that the conditions she encountered were the result of any unnatural accumulation of ice and snow or that the appellees were on notice of any hazardous condition. Having submitted no evidence as required pursuant to Civ.R. 56(E) which would support their contention that the appellees were on notice of an unnatural accumulation of ice and snow, the appellants have failed to present any material issue of fact which would require the denial of the motion for summary judgment.
The trial court did not err in grating the appellees' motion for summary judgment.
The appellants first assignment of error is overruled.
The second and third assignments of error will be considered together:
 THAT THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT.
 THAT THE TRIAL COURT ABUSED HER DISCRETION IN FAILING TO RULE ON THE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT UNTIL AFTER THE COURT HAD RULED ON THE MOTION FOR SUMMARY JUDGMENT.
The appellants' second and third assignments of error are moot pursuant to App.R. 12. Whether or not the trial court properly denied the motion for leave to amend the complaint would not have impacted on the fact that the appellants failed to comply with Civ.R. 56.
The trial court's judgment is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The appellees also filed a reply brief on October 31, 2000, after the trial court issued its final order.