JOURNAL ENTRY AND OPINION
Defendant-appellant, Toyota Motor Sales, U.S.A., appeals from the grant of summary judgment by the trial court in favor of plaintiff-appellee, Kimberly Royster, as well as the trial court's denial of the appellee's cross motion for summary judgment. The trial court held that under the provisions of Ohio's Lemon Law (see R.C. 1345.71, et seq.), the appellee was entitled to a refund of all monies paid to the appellant on the lease of her vehicle, plus incidental costs and attorney fees.
The relevant facts involved in this case are not in dispute. The appellee leased a Toyota 4-Runner sports utility vehicle on or about February 3, 1996 from the Toyota-on-the-Heights dealership located in Cleveland Heights, Ohio. The dealership, in turn, immediately sold the lease to the appellant. Approximately nine months into the lease, the appellee noticed fluid on the floor of her garage. The appellee notified the dealership, which instructed her to have the car towed in for service. The problem was diagnosed as a defective head gasket, which was causing fluid to leak. Because of a shortage of parts it took 56 days for the dealership to acquire the necessary replacement part. The appellee's vehicle was out of commission for this entire period. The appellee was provided a Toyota Camry loaner vehicle to use during the period which her vehicle was being serviced, minus the first seven days.
After the replacement part was finally obtained and installed in the appellee's car, the evidence is undisputed that the car operated without incident.[1] Two mechanics who inspected the vehicle after the repairs were made stated that it was fully operational and without defect. The appellee did testify in her deposition that she had some "intangible complaints" about the vehicle after the repairs were made, such as not "feel[ing] good driving the truck."
The appellee filed the instant action alleging violations of Ohio's Lemon Law on May 30, 1997.[2] In an opinion dated June 8, 1998, the trial court granted appellee's motion for summary judgment on her Lemon Law claim and denied appellant's motion for summary judgment. The trial court reasoned that "[a]lthough a blown head gasket does not automatically lead to significant engine damage, it certainly maintains the look, feel and potential expense of a disaster." The court further stated that "a presumption of recovery exists when the vehicle has been out of service by reason of repair for a cumulative total of thirty or more calendar days, and plaintiff's vehicle was out of service for 56 days."
On November 4, 1998, subsequent to issuing its rulings on the motion for summary judgment and requesting briefs from the parties on the issue of damages, the trial court ordered appellant to pay $38,565.54 in damages, which amount was to be payable jointly to the appellee and the lienholder of the vehicle. Additionally, the trial court awarded the appellee attorney fees in the amount of $7,649.00. Thereafter, the appellant timely commenced the within appeal.
The first and second assignments of error, having a common basis in law and fact, will be addressed concurrently. The first and second assignments of error state:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF.
Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co.
(1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317,330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina, Ltd. of Texas
(1991), 59 Ohio St.3d 108. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id.
at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
This court reviews the lower court's granting of summary judgment de novo Brown v. Scioto Bd. off Commrs. (1993),87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50; Linkv. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
This court is also aware that Ohio's Lemon Law is a remedial consumer protection statute which should be liberally construed in favor of the consumer. General Motors Acceptance Corp. v.Hollanshead (1995), 105 Ohio App.3d 17, 22.
R.C. 1345.72(A) and (B) provide:
 1345.72. DUTY TO REPAIR NONCONFORMING NEW MOTOR VEHICLES; CONSUMER'S OPTIONS WHEN REPAIRS UNSUCCESSFUL.
 (A) If a new motor vehicle does not conform to any applicable express warranty and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer during the period of one year following the date of the original delivery or during the first eighteen thousand miles of operation, whichever is earlier, the manufacturer, its agent, or its authorized dealer shall make any repairs as are necessary to conform the vehicle to such express warranty, notwithstanding the fact that the repairs are made after the expiration of the appropriate time period.
 (B) If the manufacturer, its agent, or its authorized dealer is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any defect or condition that substantially impairs the use, safety or value of the motor vehicle to the consumer after a reasonable number of repair attempts, the manufacturer shall, at the consumer's option, and subject to division (D) of this section replace the motor vehicle with a new motor vehicle acceptable to the consumer or accept return of the vehicle from the consumer and refund each of the following:
 (1) The full purchase price including, but not limited to, charges for undercoating, transportation and installed options;
 (2) All collateral charges, including but not limited to, sales tax, license and registration fees, and similar government charges;
(3) All finance charges incurred by the consumer;
 (4) All incidental damages, including any reasonable fees charged by the lender for making or canceling the loan.
(Emphasis added.)
R.C. 1345.73 provides:
 1345.73. PRESUMPTION OF REASONABLE NUMBER OF ATTEMPTS TO CONFORM VEHICLE TO WARRANTY.
 It shall be presumed that a reasonable number of attempts have been undertaken by the manufacturer, its dealer, or its authorized agent to conform a motor vehicle to any express warranty if, during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, any of the following apply;
 (A) Substantially the same nonconformity has been subject to repair three or more times and continues to exist;
 (B) The vehicle is out of service by reason of repair for a cumulative total of thirty or more calendar days;
 (C) There have been eight or more attempts to repair any nonconformity that substantially impairs the use and value of the motor vehicle to the consumer;
 (D) There has been at least one attempt to repair a nonconformity that results in a condition that is likely to cause death or serious bodily injury if the vehicle is driven, and the nonconformity continues to exist.
(Emphasis added.)
The trial court stated in its opinion that R.C. 1345.73(B) creates a "presumption of recovery" when a vehicle has been out of service by reason of repair for more than thirty days. A thorough reading of the statute reveals that there is no such presumption of recovery created, but rather a presumption that a reasonable number of attempts to conform the vehicle to warranty have been made. Even if we were to presume in the case sub judice
that a reasonable number of repair attempts were made by the dealership, the appellee must still demonstrate that after such attempts were made the vehicle still failed to conform to any applicable express warranty.
The appellee has not met her burden of showing that her vehicle remained defective, or that her use thereof was substantially impaired, after a reasonable number of attempts were made to replace the head gasket. The only evidence in the record indicates that the vehicle was completely defect free after the initial repair was made by the dealership. The appellee admitted in her deposition not only that her use of the vehicle was not substantially impaired after the head gasket was replaced, but that she experienced no additional mechanical problems with the vehicle, of any nature or degree, after the repairs were made.
The public policy behind the Lemon Law is to provide recourse to purchasers of new vehicles who experience mechanical problems which cannot be remedied after repeated attempts or which cause the vehicle to be out of service by reason of repair for an inordinate amount of time. In the instant case, it took the dealership one try to completely remedy the appellee's mechanical problem. Admittedly, the period of time it took the dealership to acquire the necessary part caused some inconvenience to the appellee. This inconvenience was partially remedied by the provision of a loaner car during the subject time period. Yet, as a matter of law the appellee's vehicle was not a "lemon" per R.C.1345.72(B) because the dealership was able to conform the vehicle to all applicable express warranties after a reasonable number of attempts to repair the problem.
Therefore, the trial court erred as a matter of law both when it granted the appellee's motion for summary judgment and when it denied the appellant's motion for summary judgment. The appellant's first and second assignment of errors are sustained.
The appellant's third and fourth assignments of error state:
III. THE TRIAL COURT ERRED IN CALCULATING DAMAGES.
IV. THE TRIAL COURT ERRED IN CALCULATING ATTORNEYS' FEES.
Our disposition of the first and second assignments of error render the final two assignments of error moot.
For the foregoing reason the judgment of the trial court is reversed. Judgment entered for appellant in accordance with this court's opinion.
This cause is reversed and final judgment entered for appellant for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ MICHAEL J. CORRIGAN, JUDGE.
TIMOTHY E. McMONAGLE, J., CONCURS.
DIANE KARPINSKI, P.J., DISSENTS (SEE ATTACHED DISSENTING OPINION.)
[1] A couple of weeks after the new head gasket was installed, the appellee brought her 4-Runner back to the dealership for work to the brakes and to have a few minor scratches repaired. The vehicle was with the dealership for only one day on this occasion and the appellee experienced no additional problems after the vehicle was returned to her.
[2] The appellee's complaint originally included, in addition to the Lemon Law claim, a Magnuson-Moss warranty claim, a UCC warranty claim, a breach of warranty claim, and an Ohio Consumer Sales Practices Act claim. The appellee voluntarily dismissed all claims other than the Lemon Law claim one day prior to the trial court's ruling on the cross motions for summary judgment.