GARY CRIM, INC., Appellee,

v.

RIOS, Appellant.

[Cite as *Gary Crim, Inc. v. Rios* (1996), 114 Ohio App.3d 433.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 110.

Decided Sept. 30, 1996.

*Stephen A. Garea,* for appellee.

*Northeast Ohio Legal Services* and *Tammie Riley Jones,* for appellant.

Cox, Judge.

This matter presents a timely appeal from a judgment rendered by the Youngstown Municipal Court, Mahoning County, Ohio, in favor of plaintiff-appellee, Gary Crim, Inc., on its complaint in forcible entry and for restitution of rental premises.

It should be noted out at the outset of this case that as a result of appellee's failure to file a brief and pursuant to App.R. 18, this court may accept as correct

the statement of the facts and issues of defendant-appellant, Joy Rios, and may reverse the judgment if appellant's brief reasonably appears to warrant that action.

In approximately March 1994, appellant entered into a rental agreement with appellee for the premises located at 67 Halleck Avenue, Youngstown, Mahoning County, Ohio at the rate of $150 per month. At the beginning of this tenancy, appellant agreed to participate in appellee's direct rent pay program by allowing her monthly AFDC benefits check to be deposited into an account at a local financial institution, which then transferred the monthly rental payment directly to appellee.

In approximately January 1995, appellant and her social services caseworker contacted the health department about repairs which were needed on the rental premises. Apparently without notice to appellant, appellee thereafter increased her monthly rental payment to $200 per month. For each and every relevant month herein (from January 1995 through April 1995), appellee received and accepted appellant's monthly rental payment of $150 from the financial institution. Appellee further received the extra $50 rental payment directly from appellant for January 1995 but refused to accept it for March 1995.

On or about March 7, 1995, appellant served appellee with a three-day notice to vacate the premises, alleging nonpayment of rent. Appellee then filed a complaint against appellant in forcible entry, which included a request for restitution of the rental premises, and a hearing date was set for April 4, 1995. Following testimony, the court referee entered judgment in favor of appellee, ordered that appellant pay the sum of $225 in back rent, plus costs and granted a writ of restitution.

Execution of the restitution order was stayed pending appellant's motion for new trial which was filed on April 11, 1995. By judgment entry dated April 13, 1995, the trial court denied the motion and requested that both parties voluntarily submit to the Alternate Dispute Resolution Program. Appellee failed to comply with the trial court's request, thereby making it necessary for appellant to file the within appeal. Since no transcript of the proceedings was made, appellant filed a proposed statement of the facts, which the trial court subsequently approved.

Appellant's sole assignment of error alleges:

"The trial court erred in granting judgment where the evidence shows that plaintiff-appellee waived the statutory notice requirement of Ohio Revised Code Section 1923.04(A)."

Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being

against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

Pursuant to R.C. 1923.04(A), a tenant must be served with a notice to vacate the premises at least three days before an action for forcible entry and detainer may be commenced. Appellant contends that appellee waived the statutory notice under R.C. 1923.04(A) by accepting a significant, partial rental payment on March 1, 1995 and by accepting a rental payment on April 1, 1995.

Appellant argues that it is inconsistent with the nature of a periodic tenancy for a landlord to accept and retain partial or full rental payments and then issue a notice to vacate, since by accepting such payments, even if partial, a landlord renews the tenancy and waives the right to terminate it for nonpayment of rent. *Fairborn Apts. v. Herman* (Jan. 31, 1991), Greene App. No. 90–CA–28, unreported, 1991 WL 10962.

Appellant states that not only did appellee waive the statutory notice under R.C. 1923.04(A) by accepting a rental payment in the amount of $150 prior to serving its three-day notice to vacate, but it also accepted a rental payment in the amount of $150 just days prior to proceeding with the hearing herein and subsequent to its service of the three-day notice to vacate. Acceptance of rent payments after service of a three-day notice to vacate results in the waiver of such notice. *Associated Estates Corp. v. Bartell* (1985), 24 Ohio App.3d 6, 24 OBR 28, 492 N.E.2d 841.

Appellant further points to the fact that appellee refused to accept her tender of the $50 rental increase in March 1995, even though it did accept it in January 1995. Appellant cites *Professional Invest. of Am., Inc. v. Ross* (Dec. 9, 1982), Cuyahoga App. No. 44540, unreported, 1982 WL 2579, for the proposition that it is improper for a landlord to refuse tender of rent and then proceed to evict on the basis of the nonpayment of such rent. Further, a party who prevents performance on his own part or on the part of the adverse party cannot take advantage of such noncompliance or nonperformance by the party obligated to perform under the contract. *Suter v. Farmers' Fertilizer Co.* (1919), 100 Ohio St. 403, 126 N.E. 304. Since appellant agreed to and participated in the direct rent pay program set up by *appellee*, it is logical that appellee was the individual responsible for notifying the financial institution of the rental increase.

We find that competent, credible evidence was presented to the trial court to indicate that with regard to rental payments which were allegedly delinquent and which were at issue when appellee filed its complaint herein, appellant made a good faith effort to comply with the rent increase and appellee thwarted that effort. Equity would not be served by an eviction in this case.

Appellant's sole assignment of error is found to have merit.

The judgment of the trial court is reversed and the cause is remanded for further proceedings according to law and consistent with this opinion.

*Judgment accordingly.*

O'NEILL, P.J., and GENE DONOFRIO, J., concur.