This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Joseph Gdula (hereinafter "Gdula"), appeals the judgment of the Belmont County Court of Common Pleas modifying his child support obligation payable to Appellee, Rebecca Doty (hereinafter "Doty"), formerly Rebecca Gdula, for the benefit of the parties' minor children. The issues before us are whether the trial court erred by upholding the child support agency's: 1) calculation of Gdula's support obligation allegedly in violation of R.C. 3113.215(B)(5)(d), and; 2) failure to impute income to Doty for being voluntarily underemployed. For the following reasons we affirm the decision of the trial court.
It should be noted Doty failed to file a brief. Pursuant to App.R. 18 we may accept as correct Gdula's statement of the facts and issues and may reverse the judgment if appellant's brief reasonably appears to warrant that action. Gary Crim, Inc. v. Rios (1996), 114 Ohio App.3d 433,435.
Gdula and Doty were divorced on November 7, 1986. Doty was granted custody of the parties' minor children and Gdula was ordered to pay child support. The Belmont County Child Support Enforcement Agency (hereinafter "CSEA") initiated an Administrative Review of the support order on September 24, 1998. The review, concluded on November 4, 1998, altered Gdula's support obligation. It based its calculations on Gdula's 1997 income and income imputed to Doty for being underemployed.
On December 10, 1998, Gdula requested an Administrative Modification Hearing alleging the CSEA improperly calculated the proposed child support order. Pursuant to his request, a hearing was held and, on January 25, 1999, the hearing examiner sustained Gdula's appeal, finding a three year average of Gdula's income was appropriate given the nature of his employment.
The hearing examiner also allowed Doty to respond to Gdula's appeal. At the hearing, she stated she no longer worked because she was forced to resign. However, she had been recalled to work for fewer hours at a lower rate of pay. The hearing examiner determined Doty was not underemployed and estimated her income based on the fewer hours and lower pay rate. Ultimately, the hearing examiner recalculated Gdula's child support obligation.
Gdula appealed the hearing examiner's decision to the trial court, which heard the appeal on June 7, 1999. The trial court found the hearing examiner's decision reasonable and overruled Gdula's motion to modify the decision, and ordered child support in accordance with the decision.
Gdula appeals the trial court's judgment entry modifying his support obligation, asserting the trial court erred by: 1) averaging the wrong three years to calculate his annual income, and; 2) declining to impute income to Doty, thereby reducing her income. We affirm the trial court's decision because it did not abuse its discretion by upholding the hearing examiner's decision. Where a party's gross income fluctuates from year to year because of overtime, and the party does not present evidence separating overtime from regular pay, the trial court or agency, in its discretion, may average income pursuant to R.C. 3113.215(B)(5)(h) when calculating that party's gross income for child support purposes. Likewise, it is within the trial court's discretion to impute income to a party, as the determination whether a party is underemployed is a question of fact.
In domestic relations matters the standard of review is abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion constitutes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Consequently, we may not substitute our judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. We cannot independently review the weight of the evidence, rather this court must be guided by the presumption the trial court's findings are correct.Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
In Gdula's first assignment of error, he asserts a proper calculation of his income would rely on the years 1995, 1996, and 1997 rather than 1996, 1997, and 1998. Supporting this position he cites R.C.3113.215(B)(5)(d), alleging the three years prior to the initial Administrative Review, concluded November 4, 1998, are the correct years to be used in the calculation, not the three years prior to the January 25, 1999 Administrative Modification Hearing, used at that hearing, and upheld by the trial court. Gdula's argument is misplaced.
A child support order may be modified by a court or agency pursuant to R.C. 3113.215. The overriding concern of this statute is to ensure the best interest of the children for whom support is being awarded. Rock v.Cabral (1993), 67 Ohio St.3d 108, 110.
 "In any action in which a child support order is issued or modified * * * the court or agency shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule in division (D) of this section, the applicable worksheet in division (E) or (F) of this section, and the other provisions of this section." R.C. 3113.215(B)(1).
It is each parent's duty to provide the court or agency with suitable documents verifying current and past income and personal earnings when the court or agency calculates child support. R.C. 3113.215(B)(5)(a). Once the court or agency has completed that calculation, it is rebuttably presumed to be the correct amount of child support due. R.C. 3113.215(B)(1).
"When the court or agency calculates gross income, the court or agency, when appropriate, may average income over a reasonable period of years." R.C. 3113.215(B)(5)(h). In addition,
 "[w]hen the court or agency calculates the gross income of a parent, it shall include the lesser of the following as income from overtime and bonuses:
 "(I) The yearly average of all overtime and bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed;
 "(ii) The total overtime and bonuses received during the year immediately prior to the time when the person's child support obligation is being computed." R.C. 3113.215(B)(5)(d).
R.C. 3113.215(B)(5)(d) only applies when the trial court or agency is calculating the amount of overtime or bonuses earned by a parent. Here, Gdula failed to provide a way for the trial court or agency to determine the amount of overtime or bonuses he earned by not differentiating between his gross income and the income earned from overtime and bonuses each year. Instead, he merely provided his total gross income earned for each year. Therefore, the trial court and agency could not apply R.C.3113.215(B)(5)(d).
Instead of using the years 1996, 1997, and 1998 to average overtime and bonuses, the agency and court used those years pursuant to R.C.3113.215(B)(5)(h). This provision allows the court or agency, when appropriate, to average income over a reasonable period of years.
The hearing examiner found Gdula's income fluctuates a great deal over the course of time due to the availability of overtime, however, the availability of overtime is not foreseeable. Therefore, the hearing examiner found it appropriate to average Gdula's salary over a period of years to account for this fluctuation. The trial court found it reasonable for the hearing examiner to come to that conclusion.
R.C. 3113.215(B)(5)(d) allows for averaging overtime over a period of years precisely because by its nature, the amount of overtime an employee may work in the future is unforeseeable. However, that provision only applies when the trial court can actually make that calculation because it has been presented with evidence which separates out base income from overtime and/or bonuses. Where a party fails to provide that separate evidence, but informs the trial court overtime is a portion of his or her income, it is appropriate for the trial court to average the total gross income over a reasonable period of years pursuant to R.C.3113.215(B)(5)(h).
R.C. 3113.215(B)(5)(h) is unlike R.C. 3113.215(B)(5)(d) in that it does not specify the years to be averaged. Even if overtime is the reason a R.C. 3113.215(B)(5)(h) averaging of gross income needs to be performed, we will not require the trial court to use the three years immediately prior to the time when the person's child support obligation is being computed. "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary."Clark v. Scarpelli (2001), 91 Ohio St.3d 271 quoting State ex rel.Savarese v. Buckeye Local School Dist. Bd. Of Edn. (1996), 74 Ohio ST.3d 543, 545. The language in the statute quite clearly vests the trial court or agency with the discretion to determine what number of years would be reasonable to use to calculate a party's income for child support purposes. That discretion is guided by the evidence presented in each case, measured against the public policy interest driving the child support statutory scheme, the best interests of the child. We cannot say the trial court abused its discretion by finding the hearing examiner's decision is reasonable. Gdula's first assignment of error is therefore without merit.
In his second assignment of error, Gdula asserts the trial court abused its discretion by not imputing potential income to Doty. Gdula's argument is twofold. He first argues the trial court cannot consider the issue because Doty did not appeal the initial Administrative Review imputing potential income to her, and the amount of income imputed to her at that level of the administrative process must stand. In the alternative, he argues Doty is voluntarily underemployed and the court should impute the income she would be receiving had she been fully employed.
The CSEA is obligated to periodically review all child support orders it administers. R.C. 3113.216(B)(3). After the CSEA has conducted an Administrative Review of a child support order, either party may request an Administration Modification Hearing. Ohio Adm. Code 5101:1-30-404(B). That hearing "shall address the issue of whether the CSEA correctly evaluated both parties'' [sic] income information, if provided, and made correct calculations based on that income. * * * No other issue shall be addressed at the hearing." Ohio Adm. Code 5101:1-30-404(I). At the hearing, "[e]ach party shall be given the opportunity at the administrative adjustment hearing to present evidence and testimony to support his/her contention that the CSEA did not correctly evaluate the parties' income." Ohio Adm. Code 5101:1-30-404(J).
The Administrative Code is quite clear. An examiner at an Administrative Modification Hearing is to calculate the incomes of the parties if he/she finds the reviewer at the Administrative Review incorrectly evaluated the parties' income. When calculating the parties' income, the examiner is not limited to the evidence presented to the reviewer, and may listen to new evidence. The introduction of new evidence is not limited to the party appealing the Administrative Review. Doty had the right to respond to Gdula's appeal for modification. Therefore, it was proper for the hearing examiner to reconsider the imputation of income to Doty made at the Administrative Review.
When computing child support, a trial court must determine the annual income of both parents. For the purposes of R.C. 3113.215, "income" means either: 1) the gross income of the parent if the parent is fully employed, or; 2) the sum of the gross income of the parent and any potential income of the parent for a parent who is unemployed or underemployed. R.C. 3113.215(A)(1). "Potential income" includes "[i]mputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides." R.C. 3113.215(A)(5)(a). The question of whether a parent is voluntarily underemployed is a question of fact for the trial court.Rock, supra at 112. "Absent an abuse of discretion, that factual determination will not be disturbed on appeal." Id.
The hearing examiner found Doty was not voluntarily underemployed. When she was hired as a nurse to work full time, Doty told her employer she could only work certain hours. Her employer asked her to work outside those hours, which forced Doty to resign her position. She was then rehired at a lower rate to work three days a week for six hours a day. Doty's ability to work full time was limited by her need to be home with the parties' children when they were not at school. On the weekdays when she was not working she did household chores and occasionally earned money doing odd jobs, such as cleaning out barns for neighbors. The trial court found it reasonable for the hearing examiner to conclude Doty was not voluntarily underemployed. This court will not substitute its judgment for that of the trial court as it cannot be said the trial court abused its discretion. Gdula's second assignment of error is therefore without merit.
The trial court correctly calculated Gdula's income pursuant to R.C.3113.215(B)(5)(h). Neither the agency nor the trial court did calculate or should have calculated Gdula's income pursuant to R.C.3113.215(B)(5)(d), because Gdula failed to present separate evidence of his overtime income to warrant the averaging of that type of income in accordance with that statutory provision. Moreover, the trial court did not abuse its discretion by averaging Gdula's total gross income for the years 1996, 1997 and 1998. It was reasonable to use the three years preceding the January 25, 1999 Administrative Modification Hearing to calculate Gdula's income. Thirdly, the hearing examiner reviewed the issue of whether to impute income to Doty at the Administrative Modification Hearing as required by controlling statutes and administrative code sections. Finally, as it raises a question of fact, the trial court did not abuse its discretion by upholding the determination Doty was not underemployed.
For the foregoing reasons, we find Gdula's assignments of error to be without merit. Accordingly, the decision of the trial court is affirmed.
Donofrio, J., Concurs.
Waite, J., Concurs.