[Cite as *Weaver v. Double K Pressure Washing*, 2012-Ohio-631.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

TERRANCE WEAVER                    :

    Plaintiff-Appellant          :     C.A. CASE NO. 2011CA29

vs.                               :     T.C. CASE NO. 10CVF1034

DOUBLE K PRESSURE WASHING, et al.  :     (Civil Appeal from
                                        Municipal Court)
    Defendant-Appellee           :

. . . . . . . . .

# O P I N I O N

Rendered on the 17th day of February, 2012.

. . . . . . . . .

Rebecca S. Neuherz, Atty. Reg. No. 0072093, 150 N. Limestone Street, Suite 218, Springfield, OH 45501
    Attorney for Plaintiff-Appellant

Edward A. Frizzell, Atty. Reg. No. 0082601, 451 Upper Valley Pike, Springfield, OH 45504
    Attorney for Defendant-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1}   This is an appeal from a final order denying a motion filed pursuant to Civ.R. 60(B), seeking to vacate a summary judgment granted pursuant to Civ.R. 56.

{¶ 2}   On March 24, 2010, Terrance Weaver filed a complaint on claims for relief alleging breach of contract and unjust enrichment on the part of Double K Pressure Washing

and its owners/operators, Russ Casto and Karen Casto. The complaint alleged, in pertinent part:

{¶ 3} 5. On or about April 29, 2008, Plaintiff Weaver and Defendants entered into a contract pursuant to which Plaintiff Weaver agreed to provide certain services for the Defendants in exchange for which the Plaintiff would be compensated. A true and accurate copy of the parties' contract is attached hereto as "Exhibit A."

{¶ 4} 6. Plaintiff Weaver performed services pursuant to the terms of the parties' Contract.

{¶ 5} 7. However, Defendants refused to compensate the Plaintiff for the services he performed despite Plaintiff's numerous requests for compensation pursuant to the terms of the parties' agreement.

{¶ 6} 8. Upon information and belief, the Defendants have continued to collect revenues as a result of work performed by the Plaintiff but have failed to compensate the Plaintiff for his work as required by the parties' contract.

**{¶ 7}** 9. Despite Plaintiff's repeated requests for payment, the Defendants have refused to comply with the terms of the parties' contract.

{¶ 8} 10. That Defendants have not paid Plaintiff for work performed.

{¶ 9} 11. That the amount now due and owing will be established at a trial of this matter but, upon information and belief, is in excess of Ten Thousand Dollars ($10,000.00, plus interests at the statutory rate.)

**{¶ 10}** Attached to Weaver's complaint is a copy of the contract between Weaver and the Defendants. The contract states, in pertinent part:

{¶ 11} <u>Terms of this Agreement</u>

{¶ 12} Terrance Weaver agrees to solicit pressure washing business which he will then work with Double K to complete all pressure washing contracts generated.

{¶ 13} Double K in return will pay Terrance Weaver forty five percent (45%) of all revenue generated.

{¶ 14} Terrance Weaver agrees to pay Double K five percent (5%) of the revenue he receives from Double K.

**{¶ 15}** The contract also provides that it could be terminated by either party on thirty days notice.

**{¶ 16}** Defendants filed an answer admitting their contract with Weaver but denying the further allegations of his complaint. Defendants also pled affirmative defenses.

**{¶ 17}** On November 2, 2010, Defendants moved for summary judgment. Defendants attached copies of unsworn statements purporting to show that Weaver was paid pursuant to their contract for four power washing jobs Double K performed: one at Cracker Barrel on April 30, 2008, and three at O&S Trucking on April 30, May 16 and June 11, 2008. A deposition of Terrance Weaver was filed on November 5, 2010.

**{¶ 18}** On November 15, 2010, Weaver moved for additional time to respond to Defendant's motion. The court granted additional time, until November 30, 2010.

**{¶ 19}** Weaver failed to file a response by the deadline date the deadline court had set,

and on December 3, 2010, the court granted Defendants' motion for summary judgment.

**{¶ 20}** The court noted that Weaver, in his deposition, acknowledged receipt of payments for the jobs at Cracker Barrel and O&S Trucking, and another job on Parkwood Avenue, in Springfield. The court further found:

{¶ 21} Plaintiff maintained that he procured a contract with three Rent-A-Center locations, but was unable to provide specifics about those contracts, such as dates or pricing information. Similarly, plaintiff did not provide a date or time that he ever performed power-washing for Rent-A-Canter. Plaintiff maintained his sole responsibility pursuant to the contract was to solicit business, in spite of the express language of the contract. Plaintiff also identified defendants' September 3, 2008 letter to him terminating the contractual relationship between them.

**{¶ 22}** The court concluded: "Upon review of the evidence, it is clear Plaintiff was paid pursuant to the terms of the contract and no genuine issue of material fact remains to be litigated."

**{¶ 23}** On February 4, 2011, Weaver filed a Civ.R. 60(B) motion to vacate the summary judgment. Following a hearing, the trial court on March 21, 2008 found that the motion was timely filed and that Weaver's failure to file a response to the motion for summary judgment was caused by excusable neglect on the part of his counsel. Civ.R. 60(B)(1). The court further found:

{¶ 24} It is with regard to the meritorious claim portion of the analysis that Plaintiff's motion fails. In its decision sustaining defendants' motion, this

Court found that plaintiff had been paid pursuant to the contract for work performed at three commercial locations, as well as one residential location. Plaintiff claims he was not compensated for work performed at other commercial locations, pursuant to contracts that he procured. However he is unable to provide specifics as to details of those contracts, including the date the contract was procured or the amount to be paid for services pursuant to the contract. The Court has previously found no genuine issue of material fact exists. Plaintiff has presented no evidence demonstrating merit to his claim.

{¶ 25} Accordingly, plaintiff's motion for relief from judgment is denied.

{¶ 26} Weaver filed a notice of appeal from the final order denying his motion for Civ.R. 60(B) relief. Weaver's brief on appeal does not include a statement of a specific error assigned for our review. He contends, at page 2: "The Trial Court's Denial of Appellant's 60(B) Motion Constitutes an Abuse of Discretion." We take that to be the error Weaver assigns.

{¶ 27} "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 28} A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de*

*novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 29} In determining whether a trial court abused its discretion in granting or denying a motion to vacate a final judgment or order, Civ.R. 60(B)(1) "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9,12, 371 N.E.2d 214 (1978).

{¶ 30} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. V. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351, N.E.2d 113 (1976), paragraph two of the Syllabus.

{¶ 31} In responding to Defendants' motion for summary judgment, it was Weaver's burden to demonstrate that he has a meritorious claim for trial. "For purposes of Civ.R. 60(B), the movant's burden is to allege a meritorious claim, not to prevail with respect to such claim." *Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 154, 518 N.E.2d 1208 (1988).

{¶ 32} Weaver argues that the trial court erred in granting summary judgment for

Defendants on a finding that their contract, by its express terms, required Weaver to physically assist Defendants in performing power washing jobs for which Defendants had promised to pay him. Weaver argues that the contract is ambiguous in that respect, because it merely requires Weaver to "work with Double K to complete all pressure washing contracts generated." Weaver also argues that Defendants' failure to make him aware of the jobs it would perform made it impossible for him to comply with the terms of the contract as the court construed them.

{¶ 33} Weaver testified in his deposition that the Defendants owned power washing equipment that was not in use, and that Weaver offered to solicit new business for Defendants in exchange for the payments for which the contract provides when Defendants performed a job Weaver had obtained for them. The contract term providing that Weaver "will then work with Double K to complete all pressure washing jobs generated" reflected the fact that Defendants then had no employees to perform the work, and at first Weaver and Russ Casto would perform the job. As the business grew, Defendants began to use family relatives instead of Weaver to perform that work, and they failed to call or tell Weaver what jobs they intended to perform. Weaver knew from his own observations that Defendants performed work Weaver had solicited, some of which, for commercial customers, was repeat work that was lucrative. Weaver did not know the dates that work was performed or the price Defendants were paid for it. Weaver testified that he and Defendants had a falling-out after Russ Casto made racist references.

{¶ 34} A breach of contract claim presents an issue of the intention of the contracting parties concerning the rights and duties which the alleged breach involves. When the terms

of a written contract are clear and unambiguous, it is presumed that the parties' intent resides in the words utilized in the agreement. *Aerel, S.R.L. v. PCC Airfoils, L.L.C.,* 371 F.Supp.2d 933 (N.D. Ohio, 2005). Whether a contract's terms are ambiguous is a question of law for the court. *Westfield Ins. Co. V. HULS Am., Inc.,* 128 Ohio App.3d 270, 714 N.E.2d 934 (10th Dist. 1998).

{¶ 35} Generally, a contract is ambiguous if its provisions are reasonably susceptible to two or more reasonable interpretations. *Csulik v. Nationwide Mut. Ins. Co.,* 88 Ohio St.3d 17, 723 N.E.2d 90 (2000). This can occur when the particular meaning of the words used is unclear. *Id*. A contract is unambiguous if it can be given a definite legal meaning. *Werner v. Progressive Preferred Ins. Co.*, 533 F.Supp.2d 776 (N.D. Ohio 2008). Only when the language of a written contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning, will extrinsic evidence be considered in an effort to give effect to the parties' intentions. *State ex rel. Petro v. R.J. Reynolds Tobacco Co.* 104 Ohio St.3d 559, 2004-Ohio-7102, 820 N.E.2d 910. That is a factual determination, reserved to the trier of fact at trial. *Westfield Ins. Co. v. Galatio*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.

{¶ 36} His contract with Defendants obligates Weaver "to solicit pressure washing business which he will then work with Double K to complete all pressure washing jobs generated." The trial court could reasonably find that Weaver's promise to "work with Double K to complete all pressure washing jobs generated" by Weaver unambiguously requires Weaver's promise to assist in performing the "work" the power washing jobs involved. Weaver's contention that he was only required to solicit jobs in order to be paid his

fee when Double K performed them is inconsistent with his promise to perform additional work to "complete" the jobs.

{¶ 37} Even if Weaver was required to perform the jobs he had solicited in order to be paid, the duty of good faith and fair dealing which the parties to a contract owe each other required the Defendants to notify Weaver when a job he solicited for them was to be performed. Weaver's deposition testimony could support a finding that Defendants failed to provide such notice, and that instead they enlisted relatives to do the work in order to avoid performing on their promise to pay Weaver. Weaver argues that Defendants' conduct rendered his promised performance impossible. A party who prevents performance on the part of the adverse party cannot take advantage of noncompliance or nonperformance by the party obligated to perform under the contract. *Gary Crim, Inc. v. Rios*, 114 Ohio App.3d 433, 683 N.E.2d 378 (7th Dist. 1996).

{¶ 38} Weaver could not in his deposition testimony provide specifics as to the details of contracts for which he should have been paid. Unless Weaver obtains and presents that evidence, he may not prevail at trial. However, that potential failure does demonstrate that Weaver lacks a meritorious defense to present for purposes of Civ.R. 60(B). *Volodkevich*.

{¶ 39} Having found that Weaver's failure to file a timely response to Defendant's motion for summary judgment was due to excusable neglect, and that his Civ.R. 60(B) motion was timely filed, the trial court abused its discretion in finding that Weaver lacks a meritorious claim to present if his motion is granted, when the record could support Weaver's claim that Defendants' conduct prevented the performance Weaver had promised. Therefore, Weaver's assignment of error is sustained, to that extent. The order from which the appeal

is taken will be reversed, and the case will be remanded for further proceedings consistent with this opinion.

FAIN, J., And DONOVAN, J., concur.

Copies mailed to:

Rebecca S. Neuherz, Esq.
Edward A. Frizzell, Esq.
Hon. Denise L. Moody